# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

KEITH L. BLUNT,                     )
                                    )
        Plaintiff,                  )        Case No. 08 C 7157
                                    )
        v.                          )        Judge Robert M. Dow
                                    )
KENNETH BECKER, et al.,             )
                                    )
        Defendants.                 )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Keith L. Blunt, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Defendants move to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing to state a claim. For the reasons stated in this order, the motion to dismiss is granted in part and denied in part.

## I.      Background

A reading of Plaintiff's second amended complaint supports the following summary of the alleged operative conduct of the parties:

In August 2007, Tranvontae Howard, Andretta Crockett (Tranvontae's mother and Plaintiff's "love interest/common-law wife"), and Plaintiff were involved in a domestic dispute. When the Defendants, Detective Kenneth Becker, Officer Osborne, Officer Berka, and Crime Scene Technician Dust, arrived at the scene, Plaintiff was nursing "the accidental and incidental minor injuries of Andretta, that were possibly unintentionally inflicted by herself." Defendants were informed that Plaintiff had called the police to the home. At some point, Tranvontae told the police that Plaintiff had taken a knife away from Andretta for the safety of all three individuals.

Defendants fabricated and falsified charges against Plaintiff in a conspiracy to wrongfully

arrest and subsequently convict Plaintiff. Defendants' wrongful conduct included: (1) collecting "suggestive 'crime-scene' photos" of a simple domestic dispute, (2) lying to the grand jury, (3) "excluding" exculpatory crime scene photos, (4) and ignoring the facts that Plaintiff told the Defendants that Andretta was intoxicated and that the dispute was not caused or initiated by Plaintiff. Plaintiff was subsequently convicted of aggravated battery and aggravated domestic battery. That conviction is presently on appeal.

## II.    Analysis

It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); see also *McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). In addition, when considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the Court takes the allegations in the complaint as true, viewing all facts – as well as any inferences reasonably drawn therefrom – in the light most favorable to the plaintiff. *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000); *Bell Atlantic Corp.,* 550 U.S. 544, 555-56 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508, n. 1 (2002)). However, some factual allegations my be "so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claims." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. Aug. 20, 2009) (quoting *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007)).

Federal Rule of Civil Procedure 8(a)(2) requires, in relevant part, that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the * * * claim is and the grounds upon which it rests." Rule 8 reflects a liberal notice pleading requirement that focuses the 'litigation on the merits of the claim' rather than some technicality that might keep a plaintiff out of court. *Brooks*, 578 F.3d at 580

(quoting *Swierkiewicz*, 534 U.S. at 514). Alleging specific facts is not required. See *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). However, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic,* 550 U.S. at 555. The plaintiff's claim must be "plausible" in that there are "enough facts to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. *Bell Atlantic*, 550 U.S. at 556. Plaintiff brings thirteen counts: Count I (Section 1983 violation of due process claim), Count II (Section 1983 claim for false arrest), Count III (state-law claim for intentional infliction of emotional distress), Count IV (Section 1983 claim for coercive conduct), Count V (state-law claim for loss of consortium), Count VI (state law claim for loss of parental relationship), Count VII (conspiracy claim), Count VIII (state-law official misconduct claim), Count IX (respondeat superior claim), Count X (Section 1983 wrongful imprisonment claim), Count XI (state-law malicious prosecution claim), Count XII ("deprivation of civil rights claim"), and Count XIII (indemnification claim against the City of Chicago). Defendants move to dismiss all claims.

## A.    Count I

Plaintiff alleges that Defendants violated his due process rights when they "excluded" favorable evidence, in violation of *Brady v. Maryland*, 373 U.S. 83, 91 (1983), resulting in a wrongful conviction. Plaintiff also alleges that Defendants violated his due process rights by falsely arresting him when they knew he was actually innocent. Defendants argue that Count I is barred by the *Heck* doctrine.

*Heck* holds that a claim for damages may not be pursued if the claim's success would necessarily imply the invalidity of a criminal conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). The *Heck* rule "is intended to prevent collateral attack on a criminal conviction

through the vehicle of a civil suit." *McCann v. Neilsen*, 466 F.3d 619, 621 (7th Cir. 2006).

Plaintiff's due process claim based on the allegation that his due process rights were violated because Defendants excluded favorable evidence in violation of *Brady v. Maryland* would necessarily imply the invalidity of his conviction as a *Brady* violation occurs at trial. See *Newsome v. McCabe*, 256 F.3d 747, 752 (7th Cir. 2001) (finding *Heck* applied to due process claim based on alleged *Brady* violation). Thus, Count I is barred unless and until Plaintiff's conviction has been invalidated. Plaintiff's additional claim that his due process rights were violated by his false arrest is an improper attempt by Plaintiff to state a due process claim "by combining what are essentially claims for false arrest under the Fourth Amendment and state law malicious prosecution into a sort of hybrid substantive due process claim under the Fourteenth Amendment." *McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003); see also *Brooks v. City Chicago*, 564 F.3d 830, 832 (7th Cir. 2009) (affirming dismissal of due process claim based on false arrest and resulting alleged denial of "fair criminal proceedings" based on not disclosing exculpatory evidence, perjuring themselves, and submitting false charges in the criminal complaint). Accordingly, Count I is dismissed for failing to state a claim upon which relief can be granted.

### B.     Count II

Plaintiff alleges that Defendants falsely arrested him because the arrest was made with knowledge of, and in the face of evidence supporting, his contention that he was attempting to prevent violence against his own person and was the "victim" of the domestic dispute. Plaintiff supports his claim by referencing the facts summarized above. Defendants argue that Count II also is *Heck*-barred. However, *Heck* does not preclude or delay the accrual of Fourth Amendment claims even if a conviction resulted. See *Wallace v. Kato*, 549 U.S. 384, 395 (2007); *Dominguez v. Hendley*, 545 F.3d 585, 589 (7th Cir. 2008) ("Even if no conviction could have been obtained in the

absence of the violation, the Supreme Court has held that, unlike fair trial claims, Fourth Amendment claims as a group do not necessarily imply the invalidity of a criminal conviction, and so such claims are not suspended under the *Heck* bar to suit."), *cert denied*, ___ U.S. ___, 129 S. Ct. 2381 (2009); *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008) ("* * * *Heck* does not affect litigation about police conduct in the investigation of a crime."); *Reynolds v. Jamison*, 488 F.3d 756, 767 (7th Cir. 2007) (recognizing "bright-line rule" allowing false arrest claims to survive *Heck* because [w]hether Officer Darr had probable cause to arrest [defendant] has no bearing on the validity of his subsequent guilty plea and criminal conviction."). Even though Fourth Amendment claims generally are not *Heck*-barred, a plaintiff can plead himself into a *Heck*-bar by pleading allegations in support of his claim that are inconsistent with his conviction. See *Gilbert v. Cook*, 512 F.3d 899, 902 (7th Cir. 2008); *McCann*, 466 F.3d at 621 (excessive force claim may be *Heck*-barred "if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction.").

Defendants argue that Plaintiff's false arrest claim is *Heck*-barred because his false arrest claim rests on allegations that necessarily are inconsistent with the validity of his conviction. Here, Plaintiff does allege that his conviction is invalid and that he is presently "attacking" that conviction. However, the majority of the allegations underpinning Plaintiff's false arrest claim do not necessarily attack his underlying conviction. For example, Plaintiff pleads that he was arrested despite Defendants' knowledge that he was the individual who called the police and that he was trying to protect himself from others. In other words, he claims that probable cause did not exist. Given Plaintiff's *pro se* status and the early stage of this litigation, the Court will disregard the allegations that are inconsistent with his criminal conviction. See *Saffold v. Village of Schaumburg*, 2009 WL 2601318, at *3 (N.D. Ill. Aug. 24, 2009). However, the Court cautions Plaintiff that any

attempt to support his false arrest claim with allegations/facts that are inconsistent with his conviction may result in dismissal of the claim under *Heck* (unless his conviction is held invalid).

Defendants also argue that Count II should be dismissed because probable cause existed to arrest Plaintiff. Probable cause to arrest exists if the facts and circumstances within the officer's knowledge and reasonably trustworthy information he or she has are sufficient to warrant a prudent person in believing that the suspect has committed or was committing a crime. *Biddle v. Martin*, 992 F.2d 673, 678 (7th Cir. 1993). Defendants identify several allegations consistent with a finding of probable cause. However, Plaintiff makes allegations inconsistent with a finding of probable cause. For example, Plaintiff alleges that Defendants excluded exculpatory evidence and ignored known facts demonstrating a lack of probable cause. Construing the allegations in Plaintiff's favor, as the Court must when considering a motion to dismiss, a finding of probable cause cannot be made at this stage of the proceedings.

Lastly, as to Count II, Defendants argue that they are entitled to qualified immunity. The doctrine of qualified immunity was established to allow government officials to act free from fear of litigation by allowing those officials to anticipate when their conduct gives rise to liability. *Davis v. Scherer*, 468 U.S. 183 (1984). Generally, government officials performing discretionary functions may avoid liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1988). "Unless a plaintiff's allegations state a claim of violation of a clearly established law, a defendant pleading qualified immunity is entitled to dismissal * * * ." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (citing *Harlow*, 475 U.S. at 818).

A complaint is generally not dismissed under Rule 12(b)(6) on qualified immunity grounds because an immunity defense usually depends on the facts of the case. See *Jacobs v. City of*

*Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000). The plaintiff is not required to plead factual allegations that anticipate and overcome a qualified immunity defense. *Jacobs*, 215 F.3d at 765 n.3. Construing the allegations in Plaintiff's favor (as the Court must do at this stage of the proceedings), the merits of this claim of qualified immunity are not properly reached at this stage of the litigation. Therefore, the motion to dismiss on this basis is denied.

Based on the foregoing discussion, Plaintiff may proceed on Count II.

## C.      Count III

Plaintiff alleges that Defendants' conduct constitutes intentional infliction of emotional distress (IIED). Defendants argue that Plaintiff's IIED claim is time-barred.

In Illinois, the applicable statute of limitations for an intentional infliction of emotional distress claim against a police officer is one year. See *Evans v. City of Chicago*, 434 F.3d 916, 934 (7th Cir. 2006) (citing 745 ILCS 10/8-101). The tort accrues "at the time the last injurious act occurs or the conduct is abated." *Feltmeier v. Feltmeier*, 207 Ill. 2d 263, 285 (2003). Plaintiff alleges that he was falsely arrested in August 2007. Plaintiff did not file his lawsuit until December of 2008. Plaintiff argues that his claim is timely because he did not learn of his legal injury until he was informed by another prisoner in 2008 that such an injury existed.

When an injured party has a reasonable belief of wrongful conduct, the statute of limitations begins running and the injured party then has an obligation to determine whether a wrong was committed and whether he should file suit. *Knox College v. Celotex Corp.*, 88 Ill. 2d 407, 415 (1981). The burden is on the injured party to determine if a cause of action exists. *Knox College*, 88 Ill. 2d at 415.

Here, Plaintiff alleges that his false arrest and the fabricated charges constituted intentional infliction of emotional distress. Thus, Plaintiff had a reasonable belief of the wrongful conduct in

August of 2007.  Plaintiff's lack of knowledge that a cause of action existed until another prisoner informed him that he might have a cause of action did not toll the statute of limitations period.  See *Knox College*, 88 Ill. 2d at 415.  Thus, Plaintiff's IIED claim is time-barred and is dismissed with prejudice.

### D.     Count IV

Plaintiff alleges that Defendants utilized coercive conduct that resulted in Plaintiff's false arrest and subsequent imprisonment.  Defendants argue that Plaintiff fails to state a claim because he is simply recasting his false arrest and malicious prosecution claim into a hybrid substantive due process claim.  As discussed above, Plaintiff cannot bring a Section 1983 claim based on what is essentially a combined false arrest and state law malicious prosecution claim.  See *McCann*, 337 F.3d at 786.  Accordingly, Count IV is dismissed for failing to state a claim upon which relief can granted.

### E.     Count V

Plaintiff alleges a loss of consortium claim because Defendants' conduct caused him a loss of companionship with his loved ones.  A loss of consortium claim requires a marital relationship.  See *Monroe v. Trinity Hospital-Advocate*, 345 Ill. App. 3d 896, 899 (2003).  Plaintiff's complaint acknowledges that he and Andretta were not married.  Accordingly, Count V is dismissed for failure to state a claim upon which relief can be granted.

### F.     Count VI

Plaintiff alleges that Defendants' conduct caused him to suffer the loss of his parental relationship with his daughter.  However, Illinois does not recognize a cause of action for the loss of parental relations.  See *Dralle v. Ruder*, 124 Ill. 2d 61, 72-74 (1988).  Accordingly, Count VI is dismissed for failure to state a claim upon which relief can be granted.

### G.     Count VII

Plaintiff alleges that Defendants conspired to unlawfully arrest him by committing the overt acts included in the complaint and by violating 18 U.S.C. § 371. The last legal contention cannot stand. Although Section 371 makes it a crime to conspire to commit offenses against or defraud the United States, Plaintiff cannot base his conspiracy claim on the alleged violation of Section 371 because it does not provide a private cause of action. See *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007).

Defendants argue that Plaintiff's conspiracy claim related to his false arrest fails because probable cause existed for his arrest. However, as discussed above, the determination of probable cause is not properly made at this time. Thus, Plaintiff's conspiracy claim as to his false arrest survives the motion to dismiss. The Court notes, however, that any conspiracy claim Plaintiff may be attempting to bring related to his conviction is barred by *Heck*.

### H.     Count VIII

Plaintiff alleges that Defendants' conduct constitutes official misconduct in violation of 720 ILCS 5/33-3. However, the Illinois official misconduct statute, codified under 720 ILCS 5/33-3, does not allow a private citizen to bring suit under its provisions. See *Cole v. Forest Park Sch. Dist. 91*, No. 06 C 1087, 2006 WL 173552, * 2 (N.D. Ill. June 19, 2006). Accordingly, Count VIII is dismissed for failure to state a claim upon which relief can granted.

### I.     Count IX

Plaintiff alleges that the City of Chicago is liable for Defendants' conduct under *respondeat superior*. Defendants argue that this claim fails because all of Plaintiff's other claims fail. As discussed above, Plaintiff's conspiracy claim survives the motion to dismiss. Accordingly, Plaintiff may proceed on Count IX as it applies to his conspiracy claim.

### J.     Count X

Plaintiff alleges that Defendants wrongfully imprisoned him in violation of both federal and state law. *Heck* bars Plaintiff's wrongful imprisonment claims. See *Nance v. Vieregge*, 147 F.3d 589, 591 (1998). Accordingly, Count X is dismissed without prejudice.

### K.     Count XI

Plaintiff alleges that Defendants maliciously prosecuted him because they were instrumental in the initiation of charges against him and his ultimate prosecution on those charges. To state a claim for malicious prosecution under Illinois law, a plaintiff must allege: (1) he was subjected to judicial proceedings; (2) for which there was no probable cause; (3) the defendants instituted or continued the proceedings maliciously; (4) the proceedings were terminated in plaintiff's favor; and (5) there was an injury. *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996). Plaintiff does not, and cannot, at this time, plead that the proceedings were terminated in his favor. Thus, Count XI fails to state a claim upon which relief can be granted.

### L.     Count XII

Plaintiff alleges that Defendants deprived him of his civil rights under color of law in violation of 42 U.S.C. § 1983 and 18 U.S.C. § 242 (which criminalizes certain violations of constitutional rights under color of law). Plaintiff cannot base his claim on the alleged violation of Section 242 as that statute does not provide for a private cause of action. See *Gordon v. Garrson*, 77 F. Supp. 477, 479 (E.D. Ill. 1948); see also *Powers v. Karen*, 768 F. Supp. 46, 51 (E.D.N.Y. 1991). The remaining part of the claim is simply a restatement of Plaintiff's other claims. Accordingly, Count XII is dismissed for failure to state a claim upon which relief can be granted and as cumulative.

### M.     Count XIII

Finally, Plaintiff alleges a claim for indemnification by the City of Chicago. Because some of Plaintiff's claims survive, his indemnification claim also survives.

**III.    Conclusion**

For the foregoing reasons, Defendants' motion to dismiss [36] is granted in part and denied in part. Count III is dismissed with prejudice as time-barred. Counts I, IV, V, VI, VIII, X, XI, and XII are dismissed for failure to state a claim or as being *Heck*-barred (as discussed above). Defendants' answers to the remaining claims (Counts II, VII, IX, and XIII) are to be filed within twenty-one (21) days of this order.

Dated: February 16, 2010                                    _____
                                                            Robert M. Dow
                                                            United States District Court Judge